UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:11-CR-114-KKC

UNITED STATES, PLAINTIFF,

v. **OPINION AND ORDER**

AARON CODY POOR and FELICIA POOR, DEFENDANTS.

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on the Motion to Suppress (DE 55) filed by the Defendant Aaron Cody Poor (DE 56), and the motion by Defendant Felicia Poor (DE 56) to join in Cody's motion to suppress. The government does not oppose Felicia Poor's motion to join in Aaron Cody's motion and does not object to her standing on the motion to suppress. Accordingly, her motion to join will be granted. The Magistrate Judge filed a Recommended Disposition (DE 76) in which he recommends granting the motion to suppress. Pursuant to 28 U.S.C. § 636, this Court must make a de novo review of those portions of the Recommended Disposition to which objections are made.

**I.  Facts.**

No party objects to the facts set forth by the Magistrate Judge and the Court adopts those facts for purposes of this Opinion and Order. In brief, the Poors face Oxycodone trafficking charges stemming from the search of a package addressed to Cody Poor that FedEx held at its facility after being instructed to do so by Detective Rob Hart. The following day, Hart went to the FedEx facility with a trained drug-sniffing dog and a K-9 Officer. The dog alerted to the package and Hart then took the packages and obtained a search warrant from a state judge. The

package contained oxycodone. A Kentucky State Police Detective, Detective Keith Addison, then applied for and received warrants to search the address on the package, which was the Poors' residence.

The Magistrate Judge determined that Hart directed FedEx to hold the parcel and, thus, FedEx was acting as his agent when it did so. He further determined that the holding of the package constituted a "seizure" for purposes of the Fourth Amendment. Finally, the Magistrate Judge determined that Hart did not have a reasonable suspicion that justified seizing the package. Accordingly, the Magistrate Judge recommends that the motions to suppress be granted and, thus, the package should be suppressed as well as the items seized from the Poors' residence as fruits of the poisonous tree.

**II.     Analysis**

The United States has filed objections. It does not object to the Magistrate Judge's finding that the seizure of the package violated the Fourth Amendment. Accordingly, the Court adopts that portion of the Recommended Disposition. The Court notes, however, that two particular facts in this case are critical to the finding of a Fourth Amendment violation: First, the Magistrate Judge found that Detective Hart instructed FedEx to hold the packages because a FedEx employee told him the packages were "suspicious" but Hart was unable at the suppression hearing to articulate what Fed Ex's concerns were nor any reason that he relied on FedEx's suspicions. Second, the Magistrate Judge found that Hart did not go to the FedEx facility on the day he got the call from FedEx but instead waited until the next morning and provided no justification for the delay.

In its objections, the government objects only to the Magistrate Judge's finding that the government did not meet is burden of showing that the good-faith exception to the exclusionary

rule set forth in *United States v Leon*, 468 U.S. 897 (1984) should apply. Under that exception, the exclusionary rule "should not apply to evidence obtained by an officer who conducts a search in reasonable reliance on a search warrant that was issued by a neutral and detached magistrate, but is ultimately found to be unsupported by probable cause or otherwise defective." *United States v. McClain*, 444 F.3d 556, 564 (6th Cir. 2005) (citing *Leon*, 468 U.S. at 920-22).

In *McClain*, the Sixth Circuit addressed an issue similar to the one before this Court: "[w]hether the good faith exception to the exclusionary rule can apply in a situation in which the affidavit supporting the search warrant is tainted by evidence obtained in violation of the Fourth Amendment." *Id*. at 565. There, an Officer Germany entered a residence without a warrant and observed evidence of a marijuana grow operation. As a result of Officer Germany's report, another officer – Officer Murphy – observed the residence and obtained warrants to search it. The court determined that the entry into the residence by Officer Germany violated the Fourth Amendment. *Id*. at 564. Nevertheless, the court determined that the good-faith exception to the exclusionary rule should apply to the evidence obtained by Officer Murphy from the residence. *Id*. at 565-66.

In making that determination, the court noted that it could not say that the officers who conducted the illegal search of the residence "were objectively unreasonable in suspecting that criminal activity was occurring inside McClain's home" and that there was "no evidence that the officers knew they were violating the Fourth Amendment by performing a protective sweep of the home." *Id*. at 566. The court focused on the fact that "the officers who sought and executed the search warrants were not the same officers who performed the initial warrantless search" and that "Officer Murphy's warrant affidavit fully disclosed to a neutral and detached magistrate the circumstances surrounding the initial warrantless search." *Id*. The court determined that the

3

officers who sought and executed the search warrants acted in good faith because "the facts surrounding the initial warrantless search were close enough to the line of validity to make the executing officers' belief in the validity of the search warrants objectively reasonable." *Id*.

As the Magistrate Judge noted, however, the holding in McClain appears to be inconsistent with a footnote in *United States v. Davis*, 430 F.3d 345 (6th Cir. 2005) where the Sixth Circuit stated, "we agree with the numerous other circuits that have held that the *Leon* good-faith exception is inapplicable where a warrant was secured in part on the basis of an illegal search or seizure." *Id*. at 358, n.4. The *McClain* opinion came after *Davis* but does not mention it.

In this case, the United States did not make a *Leon* argument in its written response to the Motion to Suppress. In his recommendation, the Magistrate Judge stated that the United States attempted an oral *Leon* argument at the close of the suppression hearing but the Magistrate Judge found that the United States had not met its burden of demonstrating the applicability of the good-faith exception. This was partly because the Magistrate Judge found it was unclear under Sixth Circuit precedent whether the good-faith exception even applies where the warrant at issue was secured in part on the basis of an illegal search or seizure and the United States had not briefed that issue.

The Court believes, however, that the statement in *Davis* and the *McClain* opinion can be reconciled. It is important to note that the statement in *Davis* was made in a footnote and the government had not raised the *Leon* argument. Thus, the statement was not intended to be a complete analysis of the issue of whether the good-faith exception applies where a warrant affidavit relies on illegally obtained evidence.

In *McClain*, in contrast, the court intended to and did squarely address the issue of whether the good-faith exception applies where the affidavit supporting a search warrant relies on evidence obtained in violation of the Fourth Amendment. *McClain*, 444 F.3d at 564. This Court reads *Davis* and *McLean* together to hold that the good-faith exception to the exclusionary rule can apply where an affidavit relies in part on evidence obtained in an illegal search only if 1) the officers who conducted the initial illegal search or seizure were not objectively unreasonable; 2) there is no evidence that the officers knew they were violating the Fourth Amendment when they performed the illegal search or seizure; 3) the officers who sought and executed the search warrant were not the same officers who performed the illegal search; 4) the warrant affidavit fully disclosed to a neutral and detached magistrate the circumstances surrounding the initial warrantless search; and 5) the facts surrounding the initial warrantless search were close enough to the line of validity to make the executing officers' belief in the validity of the search warrants objectively reasonable. *McClain*, 444 F.3d at 566.

Under this analysis, the good-faith exception to the exclusionary rule cannot apply to the contents of the FedEx package. This is because Detective Hart was the officer who ordered the package to be seized without reasonable suspicion and was also the officer who sought and executed the search warrant authorizing the search of them. (DE 63, Ex. 1, Aff., Warrant.)

But in this case, the second search warrant is a step further removed from the initial illegal search than the warrants authorizing the search of the FedEx packages. The second search warrant authorized the search of the Poors' residence and was not obtained by Hart. It was obtained by Detective Keith Addison of the Kentucky State Police. Further, Addison executed the search warrant. (DE 75, Aff., Warrant.)

While the Magistrate Judge found that Detective Hart did not have a reasonable suspicion that permitted him to order FedEx to retain the package, Hart's actions were not objectively unreasonable. Hart testified that FedEx called him and reported two suspicious packages. He further testified that he had training in package interdiction and a six-year relationship with various carriers in the area including FedEx. He testified that, in that time period he had come to trust FedEx's suspicions. Though Detective Hart was unable to articulate why he had developed that trust, there is no reason to doubt that the trust exists. Further, the trust must have developed because FedEx's suspicions had proven accurate in the past. Thus, it was not objectively unreasonable for Detective Hart to tell Fed Ex to hold the packages at issue when Fed Ex reported to him suspicions about the packages. Further, the seizure was a limited intrusion as was the dog sniff. It is clear from the record that Detective Hart did not act knowing that the seizure constituted a Fourth Amendment violation.

One step further removed, Detective Addison's warrant affidavit does not contain any misrepresentations. It states that a package to the target residence was intercepted and searched, and that it contained oxycodone. The affidavit does not disclose why the package was intercepted but it would not be expected to. This affidavit was not offered in support of a warrant to search the package but rather the residence to which the package was addressed. It was not objectively unreasonable for Detective Addison to rely on the warrant that subsequently issued.

For all these reasons, the Court hereby ORDERS as follows:

1) the Court ADOPTS the Magistrate Judge's findings of fact and his conclusion that Detective Hart's seizure of the package addressed to Cody Poor at Fed Ex constituted an illegal seizure and that the good-faith exception to the exclusionary rule does not apply to the contents of that package;

2) the Court MODIFIES the Magistrate Judge's findings that the good-faith exception to the exclusionary rule does not apply to the evidence obtained at the Poors' residence and the Court hereby FINDS that the good-faith exception does apply to that evidence; and

3) Felicia Poor's unopposed Motion to Join in Cody Poor's Motion to Suppress (DE 56) is GRANTED; and

4) the motion to suppress (DE 55) filed by Defendants Felicia and Aaron Cody Poor is GRANTED in part and DENIED in part. The motion is GRANTED to the extent that the contents of the Fed Ex package addressed to Cody Poor are SUPPRESSED and SHALL NOT be introduced in the government's case-in-chief against either of these defendants. The motions are otherwise DENIED.

Dated this 20th day of June, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge